IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PERCY L. GODFREY, JR., )<br>                      Plaintiff, )<br>                            )<br>  vs.                            )<br>                              )<br>                              )<br>OFFICER MARC ANTHONY ADAMO, )<br>*party/agency of Mercer County,* )<br>*Pennsylvania in his official and individual* )<br>*Capacity*; CORPORAL MARK JOHNSON, )<br>*party/agency of Mercer County,* )<br>*Pennsylvania in his official and individual* )<br>*Capacity;* THE CITY OF SHARON )<br>PENNSYLVANIA POLICE )<br>DEPARTMENT, )<br>                     Defendants. ) | Civil Action No. 13-719<br>Judge Terrence F. McVerry/<br>Magistrate Judge Maureen P. Kelly<br><br><br><br><br><br>Re: ECF Nos. 24, 25 |

## ORDER

Plaintiff Percy L. Godfrey, Jr. ("Plaintiff"), an inmate at the State Correctional Institution at Mercer, has brought this civil rights action against Defendants Officer Marc Anthony Adamo, Corporal Mark Johnson and the City of Sharon Pennsylvania Police Department, alleging that Defendant Adamo choked Plaintiff until he was unconscious while he was handcuffed behind his back in a police vehicle and that Defendant Johnson stood by and watched without intervening. Plaintiff alleges that Defendants subsequently falsely charged Plaintiff with aggravated assault in order to cover up the incident thereby violating Plaintiff's constitutional rights provided by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

On November 21, 2013, Plaintiff filed a "Motion for Discovery/Production of Documents," ECF No. 23, in which he asked the Court to order Defendants to provide him with certain documents including the trial transcript of his criminal trial in Mercer County and disciplinary reports of Defendant Adamo's work performance from Lawrence County Police

Department and Sharon Police Department. On November 22, 1013, this Court issued a Text Order granting Plaintiff's Motion and directing Defendants to fully respond or object to Plaintiff's discovery requests by December 2, 2013.

On December 6, 2013, Plaintiff filed a "Motion for Order Mandating the Clerk of Court, and or Court Stenographer of Mercer County, PA to Furnish the Plaintiff with a Copy of the Criminal Trial Transcript, Case No. 1221-2012 to be Used in Civil Matter." ECF No. 24. On December 10, 2103, the Court directed Defendants to respond to the Motion regarding Plaintiff's criminal trial transcript by December 17, 2013. 12/10/13 Text Order.

On December 12, 2013, Plaintiff filed a "Motion for an Order Compelling Disclosure or Discovery Documents," ECF No. 25, in which Plaintiff asks the Court to compel Defendants to produce the disciplinary reports of Defendant Adamo from the Lawrence County and Sharon Police Departments.

On December 17, 2013, in an apparent effort to comply with this Court's 11/22/2013 Text Order, Defendants filed a "Reply of Defendants Marc Anthony Adamo, Corporal Mark Johnson and the City of Sharon Police Department to Plaintiff's Motion to Compel." ECF No. 26. Defendants' response, however, does not address Plaintiff's first Motion to Compel as was ordered but rather speaks only to Plaintiff's later Motion in which he asks for Defendant Adamo's disciplinary records. Id. This notwithstanding, it appears that Defendants' response is applicable to both motions.

The scope of discovery is defined by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides as follows:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other

> tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the Court's discretion and judgment. It has long been held that decisions relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns–Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987).

Moreover, notwithstanding the apparent relevancy of a particular document, it is well established that the Court cannot compel the production of things that do not exist; nor can the Court compel the creation of evidence by parties who attest that they do not possess the materials sought by an adversary in litigation. See e.g., Smith v. Donate, 2011 WL 5593160 (M.D. Pa. Nov. 17, 2011), *reconsideration denied*, 2011 WL 6003610 (M.D. Pa. Nov. 30, 2011).

In this case, Plaintiffs seeks a copy of his criminal trial transcript from Mercer County and Defendant Adamo's disciplinary records from the Lawrence County Police and Sharon Police Department. With respect to the latter, Defendants have indicated in their responsive brief that neither Defendants Adamo and Johnson nor Defendant Sharon Police Department have any disciplinary records pertaining to Defendant Adamo in their possession, custody or control and thus cannot be compelled to produce them. See ECF No. 26.

Similarly, with respect to the transcript of Plaintiff's criminal trial, the documents that Plaintiff has attached to his Motion to Compel indicate that the transcript has never been filed. Because the transcript does not appear to exist, Defendants cannot be compelled to produce it.

Accordingly, the following Order is entered:

AND NOW, this 19th day of December, 2013, IT IS HEREBY ORDERED that Plaintiff's "Motion for Order Mandating the Clerk of Court, and or Court Stenographer of Mercer County, PA to Furnish the Plaintiff with a Copy of the Criminal Trial Transcript, Case No. 1221-2012 to be Used in Civil Matter," ECF No. 24, and Plaintiff's "Motion for an Order Compelling Disclosure or Discovery Documents," ECF No. 25, are DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: Percy L. Godfrey, Jr.
KV-4638
SCI Mercer
801 Butler Pike
Mercer, PA 16137-5653

Counsel of record via CM/ECF