IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PERCY L. GODFREY, JR., )<br>            Plaintiff, )<br>                       )<br>    vs.                  )<br>                       )<br>                       )<br>OFFICER MARC ANTHONY ADAMO, )<br>*party/agency of Mercer County,* )<br>*Pennsylvania in his official and individual* )<br>*Capacity*; CORPORAL MARK JOHNSON, )<br>*party/agency of Mercer County,* )<br>*Pennsylvania in his official and individual* )<br>*Capacity;* THE CITY OF SHARON )<br>PENNSYLVANIA POLICE )<br>DEPARTMENT, )<br>           Defendants. ) | Civil Action No. 13-719<br><br>Judge Terrence F. McVerry/<br>Magistrate Judge Maureen P. Kelly<br><br><br><br><br><br>Re: ECF Nos. 29 and 37 |

# REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

      Plaintiff, Percy L. Godfrey, Jr. ("Plaintiff"), is an inmate in the custody of the Pennsylvania Department of Corrections, and is currently incarcerated at the State Correctional Institution at Mercer. Plaintiff brings this civil rights action against Defendants Officer Marc Anthony Adamo ("Adamo"), Corporal Mark Johnson ("Johnson") (collectively, "Defendants") and the City of Sharon Pennsylvania Police Department ("the City of Sharon"), alleging that Defendants falsely arrested him for burglary and that Adamo choked Plaintiff until he was unconscious while Plaintiff was handcuffed behind his back in a police vehicle. Plaintiff alleges that Defendants subsequently falsely charged Plaintiff with aggravated assault in order to cover up the incident thereby violating his rights provided by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

Presently before the Court are cross-motions for summary judgment. For the reasons that follow, it is respectfully recommended that Plaintiff's Motion for Summary Judgment, ECF No. 29, be denied, and Defendants' Motion for Summary Judgment, ECF No. 37, be granted.

## II. REPORT

### A. FACTUAL AND PROCEDURAL BACKGROUND

Responding to a 911 call received on August 19, 2012, during which it was reported that a black male had removed a hot water heater from a vacant residence and had left in a beat up red pickup truck, Sharon Police were dispatched to 615 New Castle Avenue. ECF No. 41-2, pp. 5, 7, 9.[1] Observing a beat up red pickup truck in the vicinity parked in front of 581 Spruce Avenue, Officer Adam Zazado stopped and spoke with Plaintiff who was sitting on the front steps of the house with Steven Smith; a hot water heater was beside them. Although Plaintiff explained to Officer Zazado that the hot water heater had been taken from Plaintiff's own residence at 408 Malleable Street, Defendant Johnson, who had also arrived on the scene, learned from the driver of the truck, Dana Reeher, that they had retrieved the hot water heater from New Castle Avenue. Id. Having confirmed that that there was no hot water heater at 615 New Castle Avenue and having made contact with the 911 caller across the street from 615 New Castle Avenue, who reiterated that he believed the 615 residence had been vacant for some time and that he observed a black male remove the hot water heater from the house and load it into the back of a beat up red truck, Johnson advised Defendants to place Plaintiff under arrested for burglary. Id.

At this point, the parties' version of events diverge. According to Defendants, Plaintiff resisted arrest; attempted to kick out the back driver's side door of the patrol car once he was

---

[1] Plaintiff and Defendants have submitted largely the same documents to support their respective motions for summary judgment. Unless otherwise indicated, the undersigned has referred to the documents submitted by Defendants as they are more complete copies.

secured inside; jumped out of the vehicle when Adamo opened the door; kicked Adamo in the chest after Adamo pushed Plaintiff back into the patrol car; and attempted to kick Adamo a second time in the groin area but made contact with Adamo's service belt. Consequently, Plaintiff was also charged with aggravated assault.

Plaintiff, on the other hand, denies that he tried to kick out the door of the patrol car or that he kicked Adamo in the chest and contends that he only got out of the police vehicle because he thought Adamo was going to loosen the handcuffs which Plaintiff had complained were too tight. Plaintiff also claims that once Adamo pushed him back into the patrol car, Adamo choked him into unconsciousness and that Plaintiff was only charged with aggravated assault to cover up Adamo's excessive use of force.

Plaintiff initiated this action on May 24, 2013, by submitting a Motion for Leave to Proceed in Forma Pauperis, ECF No. 1. Plaintiff's request was granted on June 6, 2013, and the Complaint was filed on that same date. ECF No. 3. Plaintiff brings claims for false arrest pursuant to the Fourth Amendment to the Constitution and claims for use of excessive force pursuant to the Fourth, Eighth and Fourteenth Amendments to the Constitution. Plaintiff seeks punitive and compensatory damages, court costs and "release & correction of false criminal charges." Id. at p. 5.

On January 2, 2014, following a period of discovery, Plaintiff filed a Motion for Summary Judgment, ECF No. 29, to which Defendants responded on February 10, 2014, and February 13, 2014. ECF Nos. 35, 36. Defendants filed a Motion for Summary Judgment on February 13, 2014, and Plaintiff filed a response thereto on March 5, 2014. ECF Nos. 37, 47. As such, both Motions are ripe for review.

B.   STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of material fact is in genuine dispute if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). See Doe v. Abington Friends Sch., 480 F.3d 252, 256 (3d Cir. 2007) ("A genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of his burden of proof"). Thus, summary judgment is warranted where, "after adequate time for discovery and upon motion . . . a party . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Marten v. Godwin, 499 F.3d 290, 295 (3d Cir. 2007), *quoting* Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of demonstrating to the court that there is an absence of evidence to support the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). See Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 140 (3d Cir. 2004). "[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007), *quoting* Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

In deciding a summary judgment motion, a court must view the facts in the light most favorable to the nonmoving party and must draw all reasonable inferences, and resolve all doubts

4

in favor of the nonmoving party. Matreale v. New Jersey Dep't of Military & Veterans Affairs, 487 F.3d 150, 152 (3d Cir. 2007); Woodside v. Sch. Dist. of Phila. Bd. of Educ., 248 F.3d 129, 130 (3d Cir. 2001).

## C. DISCUSSION

Plaintiff does not specifically mention the Civil Rights Act, 42 U.S.C. § 1983 ("Section 1983") in his Complaint but nevertheless seeks to vindicate his constitutional rights. Because Plaintiff does not have a cause of action directly under the Constitution, the Court shall construe his Complaint as one invoking the Court's jurisdiction pursuant to Section 1983. See Kaucher v. Cnty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006), *citing* Baker v. McCollan, 443 U.S. 137, 145 n. 3 (1979) (footnote omitted) ("Section 1983 provides remedies for deprivations of rights established in the Constitution or federal laws. It does not, by its own terms, create substantive rights"). See also Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001) ("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983"); Sowemimo v. Thomas, 2009 WL 3806737, at *4 (W.D. Pa. Nov. 13, 2009).

Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. See Kaucher v. Cnty. of Bucks, 455 F.3d at 423. Thus, in order to state a claim for relief under Section 1983, the plaintiff must allege facts from which it could be inferred

that "the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States." Id.

In this case, Plaintiff alleges that Defendants falsely arrested him in violation of this rights provided by the Fourth Amendment and used excessive force against him in violation of his rights provided by the Fourth, Eighth and Fourteenth Amendments. Both of his claims, however, are properly analyzed solely under the Fourth Amendment. See Graham v. Connor, 490 U.S. 386, 392 n.6 (1989) (the protections of the Eighth Amendment are limited to incidents "after conviction and sentence;" Morris v. U.S., 2014 WL 1272104, at *8 (D.N.J. Mar. 27, 2014), *citing* Albright v. Oliver, 510 U.S. 266 (1994) ("[c]laims of excessive force at the hands of law enforcement officers during an arrest, investigation, stop . . . should be analyzed under the Fourth Amendment not under the substantive protections of the Due Process Clause"); Brown v. Rinehart, 325 F. App'x 47, 50 n.1 (3d Cir. 2009) ("excessive force claims arising out of an arrest are analyzed under the Fourth Amendment," and not the Eighth Amendment); Fuentes v. Wagner, 206 F.3d 335, 344 n.11 (3d Cir. 2000) ("[t]he Cruel and Unusual Punishments Clause was designed to protect those convicted of crimes") (internal citations omitted).

1. **Heck v. Humphrey**

This notwithstanding, Defendants argue that Plaintiff's Section 1983 claims should be dismissed because they are barred under Heck v. Humphrey, 512 U.S 477 (1994), in which the United States Supreme Court held that claims brought in a civil rights suit which indirectly attack the validity of a conviction are barred unless the conviction has, in effect, been overturned. Specifically, the Supreme Court found that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness

6

> would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.*

Id. at 486-87 (footnotes omitted) (emphasis added).

Here, Plaintiff was convicted only of terroristic threats and use/possession of drug paraphernalia. If Plaintiff were to succeed in this litigation on his claims of either false arrest or excessive use of force, the validity of his convictions for terroristic threats and possession of drug paraphernalia would not be implicated. Stated differently, even if Plaintiff is able to show that he was falsely arrested and subjected to excessive force, that showing would not call into question his convictions for conduct that occurred following his arrest. As such, Plaintiff's Section 1983 claims are not barred under Heck.

### 2. False Arrest

In his Complaint, Plaintiff alleges that his rights provided by the Fourth Amendment were violated because he was falsely charged with aggravated assault and "other unwarranted charges." ECF No. 3, p. 4. Based on Plaintiff's other submissions to the Court, it appears that the unwarranted charge that is of particular concern to Plaintiff is that of burglary relative to the hot water heater.

#### a. Burglary

With respect to the latter, Plaintiff argues that he was falsely arrested for burglary because the charge was not based on probable cause but based on false statements made by the

7

911 caller and the two witnesses, Messrs. Reeher and Smith. Plaintiff also complains that Defendant Johnson failed to verify Plaintiff's statement regarding the provenance of the hot water heater before arresting him and points to the fact that the burglary charge was eventually withdrawn as evidencing the absence of probable cause at the time of arrest.

To succeed on a Fourth Amendment claim for false arrest, the plaintiff must establish two elements: (1) that there was an arrest and (2) that the arrest was made without probable cause. James v. City of Wilkes–Barre, 700 F.3d 675, 680 (3d Cir. 2012). See Berg v. Cnty. of Allegheny, 219 F.3d 261, 268–69 (3d Cir. 2000) ("[i]t is well established in the Third Circuit that an arrest without probable cause is a Fourth Amendment violation actionable under section 1983").

> "Probable cause exists if there is a 'fair probability' that the person committed the crime at issue." [*Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000)]. "[T]he evidentiary standard for probable cause is significantly lower than the standard which is required for conviction" and "does not depend on whether the suspect actually committed any crime." *Wright v. City of Philadelphia*, 409 F.3d 595, 602 (3d Cir.2005). "[S]ufficient probability, not certainty, is the touchstone of reasonableness under the Fourth Amendment." *Hill v. California*, 401 U.S. 797, 804 ... (1971).

Toribio v. Spece, ___ F. App'x ___, 2014 WL 661341, at * 2 (3d Cir. Feb. 21, 2014). Therefore, to succeed on a claim of false arrest a plaintiff must set forth "the facts [showing that, under the] circumstances within [the officer's] knowledge, a reasonable officer could not have believed that an offense had been or was being committed by the person to be arrested." Mosley v. Wilson, 102 F.3d 85, 94–95 (3d Cir. 1996). Further, "police may rely on the statements of a victim or eyewitness to a crime when making a probable cause determination as it is well-established that when an officer has received . . . information from some person—normally the putative victim or an eyewitness -- who it seems reasonable to believe is telling the truth, he has probable cause." Quinn v. Cintron, 2013 WL 5508667, at *4 (E.D. Pa. Oct. 3, 2013), *reconsideration denied*,

8

2013 WL 5842554 (E.D. Pa. Oct. 31, 2013) (internal quotations and citations omitted). Moreover, a district court may conclude "that probable cause exists as a matter of law if the evidence, viewed most favorably to Plaintiff, reasonably would not support a contrary factual finding." Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 788–89 (3d Cir. 2000).

Here, viewing the evidence in a light most favorable to Plaintiff, it is clear as a matter of law that Defendants had probable cause to arrest Plaintiff for burglary.[2] Defendants have submitted an affidavit from Defendant Johnson, Incident Reports from Johnson, Adamo and Officer Zazado, and the Criminal Complaint filed against Plaintiff, including the affidavit of probable cause. ECF Nos. 41-1, 41-2. This evidence shows that Sharon Police were dispatched to 615 New Castle Avenue on August 19, 2012, following a 911 call reporting that a black male had removed a hot water heater from a residence that the caller believed was vacant and had left in a beat up red pickup truck. ECF No. 41-2, pp. 5, 7, 9. Shortly thereafter, Officer Zazado observed a beat up red pickup truck in the vicinity parked in front of 581 Spruce Avenue. Id. at p. 7. Officer Zazado stopped and observed Steven Smith and a black male, who identified himself as Plaintiff, sitting on the front steps of the house with a hot water heater; the driver of the pickup truck was still in the truck. Id. Plaintiff explained to Officer Zazado that he had taken the hot water heater from his residence at 408 Malleable Street, where he was living while working on the house. Plaintiff further explained that because he did not have running water at the time he had arranged to give the hot water heater to his cousin Derrick. Id. Plaintiff also advised Officer Zazado that he was attempting to move the hot water heater himself when he saw Mr. Reeher in a red pickup truck and offered him $3.00 to help Plaintiff move the hot water

---

[2] Burglary is committed if, with the intent to commit a crime, a person "(1) enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense any person is present." 18 Pa. Cons. Stat. Ann. § 3502 (West).

9

heater and transport it. Attempts to make contact with someone at 581 Spruce Street proved unfruitful. Id.

In the meantime, Defendants had arrived on the scene. Defendant Johnson spoke with Mr. Smith who reported that he did not know Plaintiff but lived across the street from 581 Spruce Street and had offered to help Plaintiff remove the hot water heater from the truck. Id. at p. 5. Johnson also spoke with the driver of the truck, Mr. Reeher, who informed Johnson that Plaintiff had stopped Reeher and offered him $3.00 if he would help transport the hot water heater to the Spruce Street location. When asked if he picked the hot water heater up from Malleable Street, Mr. Reeher stated that he "doesn't go to Malleable Street," and, although he did not have a specific address, stated "New Castle Avenue." Id. Johnson then proceeded to 615 New Castle Avenue, entered through an unsecured rear door and observed that there was no hot water heater. Johnson also made contact with the 911 caller across the street from 615 New Castle Avenue, who reiterated that he believed the 615 residence had been vacant for some time and that he observed a black male remove the hot water heater from the house and load it into the back of a beat up red truck. Id.

This evidence amply establishes a "fair probability" that Plaintiff took the hot water heater from 615 New Castle Avenue and not Malleable Street and therefore supports a finding that Defendants had probable cause to arrest Plaintiff for burglary. Indeed, Plaintiff does not dispute the information available to Defendants at the time; nor does he specifically dispute that the information provided Defendants with probable cause. Rather, Plaintiff merely states that the statements from the 911 caller and witnesses Reeher and Smith were false. Plaintiff, however, provides no evidence to support his claim. Further, even if the statements provided to Defendants were ultimately proven to be false, that fact does not negate the existence of probable

10

cause in the first instance. Nor is probable cause diminished because Defendant Johnson failed to verify Plaintiff's statement that he had taken the hot water heater from his own residence or because the burglary charge was subsequently withdrawn. As such, Defendants are entitled to summary judgment on Plaintiff's claim that he was falsely arrested for burglary.

### b. Aggravated Assault

Plaintiff also contends that he was falsely charged with aggravated assault in order to cover up Adamo's unwarranted use of force against him.[3] Defendants contend that because Plaintiff was ultimately convicted of some of the charges for which he was arrested that it necessarily precludes a finding that Plaintiff was falsely arrested.

Although Plaintiff has couched his claim in terms of false arrest and, as Defendants correctly point out, a finding of probable cause for any one charge precludes a finding of false arrest, the nature of Plaintiff's claim in this case is not one of false arrest but one of malicious prosecution. See Johnson v. Knorr, 477 F.3d 75, 80-81, 84 (3d Cir. 2007) (claim for malicious prosecution alleged where the defendant provided knowingly false information and/or fabricated the charges despite knowing that the plaintiff had not committed any of the offenses with which he was charged). A claim for false arrest, where a person may have been illegally arrested even though he is guilty of the crimes charged, differs from a malicious prosecution claim "where the propriety of the prosecution itself depends on it being initiated with probable cause." Id. at 82. Thus, "the validity of the prosecution for each charge comes into question inasmuch as the plaintiff was subject to prosecution on each individual charge . . . ." Id. at 85. Courts, therefore, must analyze the charges claimed to have been maliciously prosecuted separately thereby

---

[3] A person is guilty of aggravated assault if he: "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa. Cons. Stat. Ann. § 2702 (West).

11

requiring this Court to determine whether, on the basis of the record before it, there was probable cause to arrest Plaintiff for aggravated assault. Id.[4]

Here, the Incident Reports, which Plaintiff himself has submitted to the Court and relied upon to support his Motion for Summary Judgment, show that after Plaintiff was arrested for burglary and placed in the patrol car he attempted to break out the rear driver's side door with his feet and that when Defendant Adamo opened the door, Plaintiff kicked him in the chest. ECF No. 41-2, pp. 5-6, 7, 9. The reports also indicate that Plaintiff attempted to kick Adamo in the groin area but hit him on his service belt. Id. at pp. 5-6, 9. Having witnessed, and been the subject of, the assault on Defendant Adamo, it cannot be said that Defendants were without probable cause to arrest Plaintiff for aggravated assault.

The only evidence to which Plaintiff points to support a contrary finding is the fact that he was subsequently found not guilty of aggravated assault. Plaintiff also argues that he could not have been a threat to Adamo because he was handcuffed behind his back. In this Court's view, however, this "evidence" fails to create a genuine issue of material fact relative to Plaintiff's malicious prosecution claim. As previously discussed, whether or not Plaintiff was ultimately found not guilty of aggravated assault has no bearing on whether there was probable cause to arrest him in the first instance. Toribio v. Spece, 2014 WL 661341, at *2. Moreover, the fact that Plaintiff was handcuffed behind his back while sitting in the police car would not preclude him from kicking at Adamo when he opened the door. Importantly, however, the only evidence Plaintiff provides to support his assertion that Adamo charged Plaintiff with aggravated

---

[4] In order to establish a Fourth Amendment malicious prosecution claim pursuant to Section 1983, a plaintiff must show that: 1) the defendant initiated a criminal proceeding; 2) the criminal proceeding ended in the plaintiff's favor; 3) the proceeding was initiated without probable cause; 4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and 5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. McKenna v. City of Philadelphia, 582 F.3d 447, 461 (3d Cir. 2009).

assault merely to cover up his own use of force, are the same Incident Reports just discussed. All three of the Incident Reports, including that of Officer Zazado -- who is not a defendant in this action -- convey the same version of events and are consistent in reporting that Plaintiff kicked Adamo in the chest. Under these circumstances, a reasonable fact finder could not conclude that Plaintiff was charged with aggravated assault without probable cause. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990) (the non-moving party may not defeat a properly supported summary judgment motion by simply substituting the "conclusory allegations of the complaint or answer with conclusory allegations of an affidavit"); Seddon v. Maytag Corp., 2005 WL 2030629, at *3 (S.D. Ill. Aug. 23, 2005), aff'd, 178 F. App'x 557 (7th Cir. 2006) ("[t]he Court will not credit a self-serving and contradictory affidavit that is clearly and inherently inconsistent with documentary evidence presented by the same party"); Matter of Bevill, Bresler & Schulman, Inc., 94 B.R. 817, 822 n.4 (D.N.J. 1989) ("[w]hile on summary judgment [defendant] is entitled to all reasonable inferences from the facts it alleges, Herbst's allegations here have been contradicted by documentary evidence and therefore cannot be accepted as true"). Accordingly, Defendants are entitled to summary judgment on Plaintiff's claim of malicious prosecution.

### 3. Excessive Use of Force

Plaintiff also alleges that Adamo used excessive force against him in violation of his rights provided by the Fourth Amendment when Adamo handcuffed Plaintiff too tightly, pushed Plaintiff back into the police vehicle without regard to Plaintiff falling or hitting his head, and choked Plaintiff until he was unconscious. Plaintiff alleges that the injuries caused by Adamo "were so severe that he had to be taken to Sharon Regional Hospital." ECF No. 3, p. 4. Plaintiff also claims that Johnson stood by and watched without intervening.

A claim of excessive force by law enforcement officials in the course of an arrest is analyzed under the Fourth Amendment's reasonableness standard. See Graham v. Connor, 490 U.S. at 395; Nelson v. Jashurek, 109 F.3d 142, 145 (3d Cir.1997). The reasonableness inquiry is an objective one: "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham v. Connor, 490 U.S. at 397. See Mosley v. Wilson, 102 F.3d at 94. The reasonableness inquiry "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham v. Connor, 490 U.S. at 396.

To support his claim of excessive use of force, Plaintiff again points to the Incident Reports wherein Defendants and Officer Zazado indicate that Plaintiff was indeed handcuffed; that Adamo pushed Plaintiff in the chest with an open hand to get him back in the patrol car after Plaintiff jumped out of the car when Adamo opened the door; that in pushing Plaintiff back into the car, Adamo ended up in the back seat with Plaintiff and took Plaintiff by the arm and neck to roll him over onto his stomach so he was face down in the rear seat; that once in the garage area of lockup, Plaintiff began to complain that the handcuffs were put on backward and that he had been choked; that once inside lockup, Plaintiff began to complain of pain in his wrist and that he could not breathe causing Defendants to call the medics; that Plaintiff was subsequently transported to Sharon Regional Hospital for further examination; and that upon his arrival at the hospital x-rays were taken of Plaintiff's neck, spine and wrist. ECF No. 31, pp. 9, 10, 11.

This evidence, however, fails to support Plaintiff's position that any force Adamo may have used against Plaintiff was excessive. First, these same Incident Reports also convey that

14

Plaintiff was making it difficult for Defendants to effectuate his arrest; that Plaintiff was yelling and using obscene language; that Plaintiff tried to kick the door of the police vehicle out; that Plaintiff would not cooperate in the booking process; that Plaintiff feigned passing out; that Plaintiff had to be carried to his cell; that Plaintiff attempted to head butt Adamo; that Plaintiff yelled that he was being beaten when Officer Zazado tried to remove Plaintiff's belt (a claim Plaintiff has not made here); that Plaintiff was transported to the hospital for further examination because he would not cooperate with the medics or respond to their questions; and that Plaintiff threatened Adamo and his family. ECF No. 41-2, pp. 5-6, 7-8, 9-10. Although Plaintiff denies that he attempted to kick the door of the patrol car out, he does not dispute that he otherwise resisted Defendants' efforts to arrest him or that he engaged in the other conduct referenced in the Incident Reports.

Second, Plaintiff concedes that he jumped out of the patrol car when Adamo opened the door. Under the circumstances, placing a hand on Plaintiff's chest and pushing him back into the car appears to be objectively reasonable and cannot be said to constitute excessive force.[5] See Graham v. Connor, 490 U.S. at 396, *quoting* Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.1973) ("[w]ith respect to a claim of excessive force, the same standard of reasonableness at the moment applies: 'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers'" violates the Fourth Amendment). See also Thomas v. City of Erie, 236 F. App'x 772, 776 (3d Cir. 2007).

Third, and most significant, Plaintiff has alleged that the injuries Adamo caused were so severe that Plaintiff has to be taken to the hospital, a claim that is wholly unsupported by the record. The Incident Reports upon which Plaintiff relies to support his claims indicate that

---

[5] In addition, Plaintiff does not allege that he, in fact, fell or hit his head when Adamo pushed him back into the vehicle.

15

Plaintiff was cleared by the medical staff at the hospital having found that Plaintiff had no injuries. ECF No. 31, p. 10. <u>See</u> ECF No. 41-2, p. 10. Had Adamo placed the handcuffs on Plaintiff so tightly as to break his wrist and/or choked until he was unconscious, there certainly would have been some physical manifestation of Adamo's actions. Yet, having been taken to the hospital, examined by medical personnel and x-rayed, Plaintiff provides no medical records or other evidence that anyone observed any marks or bruises or any other indicia that Plaintiff's wrist was injured, that he was choked or even that he complained of being choked at the time.[6] Plaintiff therefore has failed to provide the evidence necessary to permit a reasonable fact finder to conclude that Adamo used excessive force against him and Defendants are entitled to summary judgment on this claim as well.[7]

### D. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's Motion for Summary Judgment, ECF No. 29, be denied, and Defendants' Motion for Summary Judgment, ECF No. 37, be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right

---

[6] Although the Court is cognizant of the fact that excessive force need not cause injury to be actionable under the Fourth Amendment, <u>Velius v. Twp. of Hamilton</u>, 466 F. App'x 133, 137 (3d Cir. 2012), it does not negate the fact that Plaintiff in this case has pled that he, in fact, was severely injured as the result of Adamo's actions.

[7] The Court notes here that Plaintiff's claim that he was charged with aggravated assault only to cover up Adamo's excessive use of force against him, is further diminished by the absence of any evidence that excessive force was used in the first instance as, absent the excessive use of force, there would have been nothing to cover-up. The Court also notes that having found that Plaintiff is unable to succeed to his claims of false arrest, malicious prosecution and excessive use of force against Adamo and Johnson, Defendants' alternative arguments regarding qualified immunity, municipal liability and the propriety of Plaintiff's requests for damages need not be addressed.

to appeal.  Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

        Respectfully submitted,

        /s/ Maureen P. Kelly
        MAUREEN P. KELLY
        UNITED STATES MAGISTRATE JUDGE

Dated: June 10, 2014

cc:    The Honorable Terrence F. McVerry
       United States District Judge

       Percy L. Godfrey, Jr.
       KY-4638
       SCI Mercer
       801 Butler Pike
       Mercer, PA 16137-5653

       All Counsel of Record Via CM-ECF